Case 1:09-cv-21110-WMH   Document 1   Entered on FLSD Docket 04/24/2009   Page 1 of 12   D.C.

ELECTRONIC

April 24, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PEDRO PABLO PENA, an individual**

    **Plaintiff(s),**

    v.

**EXPERIAN INFORMATION SOLUTIONS, INC.
TRANSUNION, LLC.
AFNI, INC.
CAVALRY PORTFOLIO SERVICES, LLC.
HSBC BANK NEVADA, N.A.
A/K/A "SAKS"**

    **Defendant(s),**
_____/

**09-21110-CIV-HOEVELER/GARBER**

Judge:
Case No.:

# COMPLAINT

    **Plaintiff, PEDRO PABLO PENA,** on behalf of himself, through the undersigned attorney, files this Complaint against **EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), TRANSUNION, LLC (herein "TRANSUNION"), AFNI (herein "AFNI"), CAVALRY PORTFOLIO SERVICES, LLC. (herein "CAVALRY PORTFOLIO") , HSBC BANK A/K/A "SAKS" (herein "HSBC")** and states as follows:

### A. JURISDICTION

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended and the Federal Debt Collections Practices Act 15 U.S.C. § 1692 et seq., as applicable.

Page 1 of 11

2. Jurisdiction of this Court arises under 15 U. S. C. § 1681p, 28 U. S. C. § 1331, 1337 and 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. The Defendant **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4. The Defendant **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

5. The Defendant **AFNI** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of

Florida.  This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

6.     The Defendant **CAVALRY PORFOLIO** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida.  This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

7.     The Defendant **HSBC** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida.  This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

## B.  VENUE

8. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

   b.     At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA/FDCPA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

9. Plaintiff, **PEDRO PABLO PENA,** (hereinafter "Plaintiff"), is an individual residing in the County of **Miami Dade,** State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

10. All Defendants are business entities which regularly conduct business through out most every state and county in the United States and as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

### C. FACTS COMMON TO ALL COUNTS

11. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, of which was obtained fraudulently without his permission or knowledge.

12. Plaintiff sent dispute letters to Defendants **EQUIFAX, EXPERIAN & TRANSUNION** including his personal identification, stating that these accounts did not belong to him.

13. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **AFNI** account did not belong to him & were acquired through fraudulent means.

Page 4 of 11

14. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **CAVALRY** account did not belong to him & were acquired through fraudulent means.

15. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **HSBC** account did not belong to him & were acquired through fraudulent means.

18. Defendants **EQUIFAX, EXPERIAN & TRANSUNION** received this dispute letter and/or package on November 25, 2009 via certified mail, but failed to properly conduct a reasonable investigation.

20. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **AFNI** using a consumer dispute verification form or automated consumer dispute verification.

21. Upon information and belief, **AFNI** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

22. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **CAVALRY** using a consumer dispute verification form or automated consumer dispute verification.

23. Upon information and belief, **CAVALRY** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

24. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **HSBC** using a consumer dispute verification form or automated consumer dispute verification.

25. Upon information and belief, **HSBC** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

26. Thereafter, **EXPERIAN, & TRANSUNION** responded to Plaintiff's dispute letter, verified these fraudulent accounts.

27. **EXPERIAN & TRANSUNION** continued to report these fraudulent accounts on his retail credit report, and refused to delete said fraudulent accounts.

28. Plaintiff has been damaged as a direct and proximate cause of Defendants actions because the derogatory information reported has impaired his normal ability to obtain financial lending as it reflects incorrect, inaccurate, misleading, and/or false information.

## D. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE
### Fair Credit Reporting Act by
### Defendants EXPERIAN & TRANSUNION
### 15 U.S.C § 1681, et seq.

31.   Plaintiff incorporates paragraphs 1 through 30 as though fully stated herein.

32.   In the entire course of its actions Defendants **EXPERIAN & TRANSUNION** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

    d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

    e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EXPERIAN & TRANSUNION** for:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of Punitive damages;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO
## VIOLATION OF THE
## Fair Credit Reporting Act
## By AFNI, CAVALRY PORTFOLIO
## & HSBC
## 15 U.S.C § 1681s-(2)(b), et seq.

33. Plaintiff incorporates paragraphs 1 through 30 as though fully stated herein.

34. At all times pertinent hereto, these Defendants were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

35. These Defendants violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendants willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to these Defendants;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

- For an award of actual damages;
- For an award of statutory damages;

Page 10 of 11

- For an award of Punitive damages;

- For all inaccurate information reported by defendants to be permanently deleted from Plaintiffs credit reports and files.

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

### E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 17th day of April of 2009.

Respectfully submitted,
Law Offices of
**GHAZAL & GOMEZ, LLC.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel.  954.921.7676
Fax. 954.925.7816

  /s/Michael Gomez
Michael Gomez, ESQ.
FBN: 043338

_____
Samira Ghazal, ESQ.
As Co-Counsel
FBN: 0864617

Page 11 of 11

| JS 44 (Rev. 12/96) | CIVIL COVER SHEET | ELECTRONIC<br>April 24, 2009<br>STEVEN M. LARIMORE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. - MIAMI |

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I. (a) PLAINTIFFS: PEDRO PABLO PENA

DEFENDANTS: EXPERIAN TRAN CAVAIRY PORTFOLIO & HSBC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-921-7676
Michael Gomez
1930 Tyler St. Hollywood, FL 33020

ATTORNEYS (IF KNOWN)
Miami 09cv21110 Hoeveler/Garber

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

II. BASIS OF JURISDICTION: **X** 3 Federal Question (U.S. Government Not a Party)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Diversity Cases Only)

IV. ORIGIN: **X** 1 Original Proceeding

V. NATURE OF SUIT: 890 Other Statutory Actions

VI. CAUSE OF ACTION: 15 U.S.C. § 1692    FCRA

VII. REQUESTED IN COMPLAINT: CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DATE: 4/21/09
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 999606   AMOUNT $350.00   04/24/09